### Richmond.

## W. F. GARRETT V. RAHILY & MARTIN.

March 16, 1922.

Absent, West, J.

CONDITIONAL SALES—*Automobiles*—Bona Fide Purchaser.—In an action of detinue for an automobile, it appeared that plaintiffs had sold the automobile to their subagent, a dealer in Norfolk, where he had a place of business and advertised automobiles of the same make for sale, reserving title thereto, which reservation was recorded in the city of Petersburg. Before the recordation of the reservation of title in Norfolk, the automobile was sold there by the dealer to the defendant.

> *Held:* That the question of whether or not defendant was a purchaser for value without notice was for the jury, and that the trial court erred in giving a single instruction to the effect that the jury should find for plaintiffs if they believed from the evidence that the car in the possession of the defendant was the same car mentioned in the contract containing the reservation of title.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of detinue. Judgment for plaintiffs. Defendant assigns error.

*Reversed and remanded.*

The opinion states the case.

*A. Johnston Ackiss,* for the plaintiff in error.

*S. M. Brandt* and *Moses Ehrenworth,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

W. F. Garrett, defendant, complains of an adverse judgment entered in favor of Daniel Rahily and James R. Martin, partners, trading as Rahily & Martin, plaintiffs, in an action of detinue for a Jackson touring automobile.

The pertinent facts are, that the plaintiffs, who lived in Petersburg, were the general agents of the Jackson Motor Corporation, of Jackson, Mich., and on or about the 16th of March, 1920, appointed one L. N. Crawford, an automobile dealer in Norfolk, Va., their subagent for the sale of such automobiles. This agency contract required Crawford to purchase the machines directly from the manufacturers in Michigan, and to pay them therefor. On March 31, 1920, the plaintiff sold and delivered the automobile here involved in Petersburg to their subagent, Crawford, knowing that Crawford would take it to Norfolk for use in connection with his business, as they say, however, for demonstration purposes only. They reserved title thereto by a contract of conditional sale, which was recorded in the city of Petersburg, April 5, 1920, and thereafter, before its recordation in Norfolk, following negotiations opened by one of Crawford's clerks April 17, 1920, this automobile was sold by Crawford to Garrett, defendant, April 22, 1920, and according to his testimony, fully paid for.

Crawford, his vendor, had a place of business in Norfolk, and advertised Jackson automobiles for sale in his front window as well as in a local newspaper.

Under these circumstances, as is stated in the brief of the attorneys for the plaintiffs, it was a question for the jury to determine whether or not the defendant was a purchaser for value without notice, and they insist that the jury has properly found that he was not such an innocent purchaser. That it was a question for the jury is undoubtedly true, and if they had been permitted by the trial court

to consider this question, which is fairly raised by the evidence, this court would not have disturbed the verdict. It appears, however, that the trial court refused all of the instructions which were asked for, except one, which was granted at the instance of the plaintiffs, in this language: "If the jury believe from the evidence that the car in the possession of the defendant, Garrett, is the same car mentioned in the contract of March 31, 1920, then they should find for the plaintiffs." This instruction takes away from the jury the determination of every question involved in the case save the identity of the automobile with the car referred to in the conditional sale contract. Under the evidence in this case the jury should have been instructed that if the vendee was an innocent purchaser of the car for value and without notice, they should find in his favor, for the very elect might have been deceived into believing that Crawford, the dealer, owned it, while the wayfaring man, whether wise or unwise, would have been his easy mark.

The case is controlled by the doctrines so recently announced in the cases of *O'Neil* v. *Cheatwood,* 127 Va. 96, 102 S. E. 596; *Boice* v. *Finance & Guaranty Corp.,* 127 Va. 563, 102 S. E. 591, 10 A. L. R. 654; *General Securities Co., Inc.,* v. *Driscoll* (C. C. A.), 271 Fed. Rep. 295.

*Reversed and remanded.*